IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MICHELLE MILLER-HALL, et al.,

        Plaintiffs,

v.                                          Civil Action No. 2:13-cv-07734

C. R. BARD, INC.,

        Defendant.

MEMORANDUM OPINION AND ORDER
(*Defendant's Motion for Summary Judgment*)

    Pending before the court is defendant C. R. Bard's ("Bard") Motion for Summary Judgment [ECF No. 39]. As set forth below, Bard's Motion for Summary Judgment is **GRANTED** with respect to the plaintiffs' claims for manufacturing defect, breach of implied warranty, breach of express warranty, and negligent inspection, packaging, marketing, and selling.

I. Background

    This case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the seven MDLs, there are more than 58,000 cases currently pending, approximately 8,000 of which are in the Bard MDL, MDL 2187. In an effort to efficiently and effectively manage this massive MDL, I decided to conduct pretrial discovery and motions

practice on an individualized basis so that once a case is trial-ready (that is, after the court has ruled on all *Daubert* motions and summary judgment motions, among other things), it can then be promptly transferred or remanded to the appropriate district for trial. To this end, I ordered the plaintiffs and defendant to each select 50 cases, which would then become part of a "wave" of cases to be prepared for trial and, if necessary, remanded. *See* Pretrial Order ("PTO") # 102, No. 2:12-md-2187 [ECF No. 729]. This selection process was completed twice, creating two waves of 100 cases, Wave 1 and Wave 2. Ms. Miller-Hall's case was selected as a Wave 1 case by the plaintiffs. PTO # 118, No. 2:12-md-2187 [ECF No. 841].

Ms. Miller-Hall was surgically implanted with the Align Urethral Support System (the "Align") at Jordan Valley Medical Center in West Jordan, Utah. Compl. ¶¶ 9–12 [ECF No. 1]. As a result of complications allegedly caused by the Align, Ms. Miller-Hall brings the following claims against Bard: strict liability for design defect, manufacturing defect, and failure to warn; negligence; breaches of express and implied warranties; and punitive damages.[1] *Id.* at ¶ 14. In the instant motion, Bard moves for partial summary judgment on the grounds that it "is not at fault for the damages alleged by" Ms. Miller-Hall. Mem. Supp. Mot. Summ. J. [ECF No. 40].

## II. Legal Standards

### A. Summary Judgment

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to

---

[1] Bard also filed a Motion for Partial Summary Judgment on Punitive Damages Claims [ECF No. 41]. That motion is addressed in a separate order.

2

judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor." *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997).

B. Choice of Law

Under 28 U.S.C. § 1407, this court has authority to rule on pretrial motions in MDL cases such as this. The choice of law for these pretrial motions depends on

whether they involve federal or state law. "When analyzing questions of federal law, the transferee court should apply the law of the circuit in which it is located. When considering questions of state law, however, the transferee court must apply the state law that would have applied to the individual cases had they not been transferred for consolidation." *In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*, 97 F.3d 1050, 1055 (8th Cir. 1996) (internal citations omitted). In cases based on diversity jurisdiction, the choice-of-law rules to be used are those of the states where the actions were originally filed. *See In re Air Disaster at Ramstein Air Base, Ger.*, 81 F.3d 570, 576 (5th Cir. 1996) ("Where a transferee court presides over several diversity actions consolidated under the multidistrict rules, the choice of law rules of each jurisdiction in which the transferred actions were originally filed must be applied."); *In re Air Crash Disaster Near Chi., Ill.*, 644 F.2d 594, 610 (7th Cir. 1981); *In re Digitek Prods. Liab. Litig.*, MDL No. 2:08-md-01968, 2010 WL 2102330, at *7 (S.D. W. Va. May 25, 2010).

If a plaintiff files her claim directly into the MDL in the Southern District of West Virginia, however, as Ms. Miller-Hall did in this case, I consult the choice-of-law rules of the state in which the plaintiff was implanted with the product. *See Sanchez v. Boston Scientific Corp.*, 2:12-cv-05762, 2014 WL 202787, at *4 (S.D. W. Va. Jan. 17, 2014) ("For cases that originate elsewhere and are directly filed into the MDL, I will follow the better-reasoned authority that applies the choice-of-law rules of the originating jurisdiction, which in our case is the state in which the plaintiff was implanted with the product."). Ms. Miller-Hall received the implantation surgery for

4

the Align in Utah. Thus, the choice-of-law principles of Utah guide this court's choice-of-law analysis.

The parties agree, as does this court, that these principles compel application of Utah law. Utah follows the Restatement (Second) of Conflict of Laws. Thus, "[i]n an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship." Restatement (Second) of Conflict of Laws § 146 (1971). Here, the alleged wrong occurred in Utah, and Utah has the most significant relationship to the claims. Thus, I apply Utah's substantive law to the claims in this case.

### III. Analysis

Bard argues that it is entitled to partial summary judgment in this case because the plaintiffs' claims lack evidentiary support. The plaintiffs have agreed not to pursue claims for: (1) manufacturing defect; (2) breach of implied warranty; and (3) breach of express warranty. Resp. 1 [ECF No. 98]. Accordingly, Bard's Motion for Summary Judgment on the plaintiffs' claims for manufacturing defect, breach of implied warranty, and breach of express warranty is **GRANTED**.

Of note, Bard has not moved for summary judgment on the plaintiffs' failure to warn claims, the plaintiffs' design defect claims, or the plaintiffs' general negligence claims. Bard contends that the plaintiffs' claims for negligent inspection, packaging, marketing, and selling of the Align fail for lack of evidence. The plaintiffs, in response, concede they will not raise this claim, but will move forward with their

other negligence claims. Resp. 3–4 [ECF No. 98]. Accordingly, Bard's Motion for Partial Summary Judgment with regard to distinct claims for negligent inspection, packing, marketing, and selling of the Align is **GRANTED**.

## IV. Conclusion

For the reasons discussed above, it is **ORDERED** that Bard's Motion [ECF No. 39] is **GRANTED** with respect to the plaintiffs' claims for manufacturing defect, breach of implied warranty, breach of express warranty, and negligent inspection, packaging, marketing, and selling.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 7, 2016

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE